Good morning, Your Honors. May it please the Court, Petitioner, John M. Levant. Petitioner disagrees with the Board of Appeals findings that presentation of a birth certificate of another representing birth in the United States is an automatic representation of U.S. citizenship for two reasons. First, this is contradictory to Karony and another line of cases decided by the Ninth Circuit and other courts of appeals that under the United States citizenship falls under that statute. Which case? Which case is that? That would be – it's referred to on the – It's a criminal case, isn't it? Yes. They are criminal cases. Okay. Well, we're not – It's referred to on pages 12 and 13 of Petitioner's brief. We recognize that these are – What I'm getting – excuse me. What I was getting at is those are criminal cases. Now we're in – Yes. We recognize that they are criminal cases. Okay. So what do – But it's Petitioner's position that, number one, the criminal statute is almost identical in wording to the immigration statute. Number two, the penalties of this type of statute are comparable to criminal cases, if not worse. But in a criminal – in a criminal case, the government has to prove beyond a reasonable doubt. In this case, the alien has to prove almost beyond a reasonable doubt. The shift of the burden might have an effect on the result, might it not? A piece of evidence, A, may not be enough to show beyond a reasonable doubt that you did Y. But the flip side doesn't work necessarily. I recognize it's true that the Petitioner has the burden of proof to show that he is admissible. But our position is the penalties in this case have been recognized by the courts as great, if not greater, than the imposition of a criminal sentence. And there's been a long line of cases, especially Supreme Court cases, that have held that deportation statutes, especially when the penalties are harsh, should be construed strictly in favor of the alien. Now, let's see. He said – he said, I knew it was a false birth certificate. And when I walked up to the customs people, I offered them the false birth certificate so that they would allow me to enter the country. I knew I couldn't enter otherwise. I had to show some proof that I had a right to enter. And I thought that a birth certificate would show I could enter. And you're saying, oh, well, you can't draw a reasonable civil inference. You can't draw an inference that he was suggesting, I'm a citizen, so I should be able to come in. Just like my fiancée is a citizen and she could come in. Right? The Petitioner did not say I'm a citizen. He offered a birth certificate of someone else. I know he didn't say that. Of course, I know he didn't say it. And by the way, the criminal cases you relied on, especially the primary one you relied on, didn't say what you say it said. Right? But that's neither here nor there. The point is, he submits a birth certificate at the border for the purpose of indicating he has a right to enter this country. And you're saying he wasn't trying to indicate he was a citizen. What do you suppose he was trying to indicate? As the Petitioner pointed out in his brief, not all individuals who are born in the United States are U.S. citizens. Diplomats are one exception. Also, do you think that's what he was trying to indicate? Well, I'm a — I was born here to a — to a diplomat. Also, so I can't — so I can't enter this country. A U.S. citizen can abandon — a person born in the United States can abandon their citizenship. He offered the birth certificate of this Robert Moreno. For all he knew, maybe this Robert Moreno had departed the United States and for some means abandoned his citizenship. Yes. And that's what he was trying to tell them. I've abandoned my citizenship, but here's a — but I understand that people who have abandoned their citizenship can offer a birth certificate and get in anyway. That's what he was trying to tell them, right? There's no question that the Petitioner misrepresented — there are two parts of this statute. One is a general misrepresentation. A person who enters the United States by misrepresenting any fact is inadmissible under the first part of the statute. However, that statute allows a waiver. If the Petitioner was found removable — pardon me — if the Petitioner was found inadmissible under the first part of the statute, he would have been eligible to apply for a waiver. However, if he's inadmissible under the grounds of misrepresentation of citizenship, there is no waiver. The penalties are harsh. Comparable — Go ahead, Judge. You're talking about your criminal cases. Comparable. Karolany, however you pronounce that, for example. That is correct. He attests under penalty of perjury he was either a citizen or a national. And what we said was, well, since it's either-or, you haven't violated the criminal statute because maybe you're attesting that you're a national. And that's under the criminal statute, only citizen is. I don't know how that helps you in this case. That's correct. Let me change the subject for a second. After they catch him with these fake documents, it's not just a birth certificate but a false driver's license, too, right? He's inadmissible under the general misrepresentation statute. Let me finish the question. They catch him in this. He admits it's a fraud. And then they give him the chance to withdraw his application to go to the United States, and he turns around and goes back, right? Right. Okay. Why isn't that a break in his actual physical residence? Because it's not a formal agreement whereby he accepted voluntary departure. I recognize the government's position that when he signed this agreement with the immigration inspector, he was leaving under the understanding that he was avoiding proceedings before an immigration judge. But nowhere in this agreement does it indicate that by departing under these conditions he would waive any grounds for relief from removability, such as cancellation of removal. Perhaps his decision would have been different if he was aware that by departing the United States under these conditions, he would be abandoning his claim for cancellation of removal. And if you were going to analogize it to a plea bargain, as the court did in the person entering the plea has to be advised of all the rights he's surrendering. And the petitioner apparently was not aware that he was surrendering his ability to apply for cancellation of removal. In that respect, it's our position that this is more akin to a turnaround at the border. At practically every turnaround, the alien is going to be advised by the inspector, well, you have a choice to go back or go before the immigration judge. But he may not be aware of what he's giving up by abandoning immigration judge proceedings. He may not be aware that by appearing before an immigration judge he may apply for cancellation of removal, adjustment of status, or other possible forms of relief. Do you want to save your minute or do you want to use it up here? Well, I can save it. Thank you, Your Honor.  So, again, Your Honors, may it please the Court, at least, ask mercy of the Office of Immigration and Litigation for the respondent. There are two main issues in this case. First, to the extent that the Petitioner contests his inadmissibility for falsely claiming U.S. citizenship, in particular as a bar to adjustment of status, the first issue before this Court is whether the Petitioner failed to meet his burden proving that he was not inadmissible for making a false claim to U.S. citizenship to his presentation of a false birth certificate to an immigration official and his failure to timely retract his false claim. Secondly, whether the Petitioner failed to establish he was statutorily eligible for cancellation of removal for non-permanent residence by demonstrating 10 years of continuous physical presence in the United States, whether withdrawal of his application for admission and return to Mexico in February 1997 prevented him from acquiring the necessary 10 years of continuous physical presence in the United States. As to the first issue, the government believes that this Court's case law has very clearly stated that it is the burden of proof of the Petitioner to demonstrate that he is clearly and beyond a doubt not inadmissible. Therefore, the presentation of his birth certificate at the Board, or because the burden was on him to show that he was not presenting it to show that he was not a U.S. citizen, the Petitioner fails to prove clearly and beyond a doubt he did not present a false birth certificate for the purpose of claiming to be a U.S. falsely claiming to be a U.S. citizen. Second of all, though the Petitioner claimed I'm sorry. No, go ahead. Second of all, though the Petitioner claims he timely retracted his false claim of U.S. citizenship, the record reflects that the Petitioner did not recant his false claim until being confronted by two immigration officers and shown evidence to the contrary of his claim. He clearly testified that he was questioned first by one immigration officer and remained steadfast in his claims, and he remained steadfast in his claim during initial questioning by a second immigration officer. And he only retracted his claim that he was a U.S. citizen when the immigration officer left the room and came back with actual evidence of biographical evidence and physical characteristics evidence that showed that he was not the person that he claimed to be. As such, though the Petitioner claims that this was a timely retraction, under both the Board's law and this Court's law, it does not show that this was a timely retraction. Finally, Valdez-Munoz did not establish that he was statutorily eligible for cancellation after removal because he did not establish the requisite 10 years of continuous physical presence in the United States. Here, first of all, the Court owes deference to a matter of avalos novela. The Board decision which held that not only voluntary departure but also the withdrawal of an application for admission would be considered as a break in physical presence. To that effect, in accordance with the criteria of matter avalos novela, the evidence in the record shows that the Petitioner's withdrawal of his application for admission was not an informal turnaround but rather a more formal process as this Court articulated in Gutierrez v. McKaysey, in which his testimony essentially stated that he was given the option to see a judge but decided that he wanted to depart voluntarily to Mexico, and also the signed statement for the I-275 notice to the Board of Card avoidance also demonstrates. If the Court has no more questions, I'll rest on the brief. Thank you very much. Thank you. Mr. Levant, you have one minute left if you want it. Thank you, Your Honor. In regard to the timely retraction issue, I'll refer the Court to pages 18 through 19 of the brief, pointing out only that these representations were not made under penalty of perjury. Therefore, the timely retraction rule should be applied more broadly in favor of the Petitioner. Also, this interpretation, if consistent, would encourage individuals to admit false statements saving the government from the expense of instituting removal proceedings. And on that, the Petitioner will submit. Thank you, sir. Thank you, Madam, for both cases. The case just argued is submitted. Good morning.
judges: Duffy, Fernandez, Silverman